[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**September 2, 2004**
**THOMAS  K. KAHN**
**CLERK**

No. 04-10467
Non-Argument Calendar

_____

D.C. Docket No. 03-00348-CR-T-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANGEL HERNANDEZ-MARTINEZ,
a.k.a. Angel Martinez,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

**(September 2, 2004)**

Before CARNES, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Jose Angel Hernandez-Martinez ("Martinez") appeals the sentence imposed

after he pleaded guilty to illegal re-entry, in violation of 8 U.S.C. § 1326.

Specifically, he challenges the district court's calculation of his criminal history points under U.S.S.G. § 4A1.2.  Martinez asserts that the district court, in computing his criminal history, should have counted his two prior state felony convictions as a single conviction because the state sentences were not separated by an intervening arrest.  Here, we are asked to decide whether, under the facts of this case, a defendant's prior convictions count as one conviction for determining a defendant's criminal history.  As there is no dispute that Martinez's prior convictions were not separated by an intervening arrest, the issue before us is whether prior convictions are related when the offenses occurred on different days and involved different victims, there was no intervening arrest, the offenses were charged in separate indictments and the defendant received separate judgments, but the defendant was sentenced to concurrent sentences on the same day before the same judge.

I. Background

In 2003, Martinez was arrested in Florida for aggravated battery.  At that time, he admitted that he had re-entered the United States illegally.  The probation officer calculated Martinez's criminal history category based on two prior state court convictions.  In case number 95-2442, Martinez had pleaded nolo contendere for attempted murder in the second degree with a firearm.  He was sentenced to

five years imprisonment and ten years probation on April 3, 1996. In case number 95-2687, Martinez pleaded nolo contendere to aggravated assault with a firearm and was sentenced on April 3, 1996, to five years imprisonment, to be served concurrently with the sentence in case number 95-2442. The probation officer noted that Martinez was arrested for the aggravated assault offense while he was incarcerated on the attempted murder charge. The probation officer also noted that the two offenses involved different victims and occurred on different days.

Martinez objected to the PSI, arguing, inter alia, that his criminal history category should be IV under U.S.S.G. § 4A1.2 because his two prior state court convictions were related, as they were not separated by an intervening arrest, and that they were consolidated for sentencing. Although Martinez conceded that the two offenses involved different crimes occurring on different days, he asserted that the two offenses were consolidated because he was sentenced for both offenses on the same day. In support of his arguments, Martinez submitted the docket sheets and judgments from his state court convictions. These exhibits demonstrated that Martinez pleaded to attempted murder in case 95-2442 and was sentenced on April 3, 1996, at 11 a.m. to five years imprisonment and ten years probation. Martinez pleaded to aggravated assault in case 95-2687 and was sentenced on April 3, 1996, at 11 a.m. to five years imprisonment, to run concurrent with his sentence in case

95-2442. According to the records, Martinez was represented by two different attorneys in these cases.

At sentencing, the district court overruled the objection, finding that the fact that the two crimes were sentenced on the same day did not equate with the convictions being consolidated for sentencing. The court then sentenced Martinez to 87 months imprisonment and 3 years supervised release.

## II. Martinez's claim

Martinez argues that the court erred in calculating his criminal history points because his two state offenses were not separated by an intervening arrest under U.S.S.G. § 4A1.2.

We review a district court's determination that prior convictions are not related under U.S.S.G. § 4A1.2 for clear error.[1] United States v. Hunter, 323 F.3d 1314, 1322-23 (11th Cir. 2003). The U.S. Supreme Court has confirmed that appellate courts should give "'due deference'" to a district court's application of a 'Sentencing Guidelines term' to the facts." Buford v. United States, 532 U.S. 59, 63-64, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001); United States v. White, 335 F.3d

---

[1] A district court's factual determination that a defendant's prior convictions are independent for purposes of determining criminal history will not be disturbed unless clearly erroneous. United States v. Hunter, 323 F.3d 1314, 1322-23 (11th Cir. 2003); United States v. Mullens, 65 F.3d 1560, 1565 (11th Cir. 1995); see also Buford v. United States, 532 U.S. 59, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001) (applying deferential review to question of whether cases were consolidated for purposes of career-offender status)

1314, 1318 (11th Cir. 2004) (noting that we "will not find clear error unless our review of the record leaves us 'with the definite and firm conviction that a mistake has been committed.'").

Under U.S.S.G. § 4A1.2, in calculating a criminal history score, prior sentences imposed for related convictions should be counted as one sentence. <u>See</u> U.S.S.G. § 4A1.2(a)(2). Application Note 3 provides:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2, comment. (n. 3).

Here, the parties agree that Martinez's offenses were not separated by an intervening arrest. Contrary to Martinez's understanding of the guidelines, however, our inquiry does not end there. Under U.S.S.G. § 4A1.2, we must consider whether the offenses were part of a common scheme or whether they were consolidated for sentencing.[2] When determining whether cases are related, the commentary requires that "the first question is always whether the underlying

---

[2] The parties agree that the offenses did not occur on the same occasion and were not part of a common scheme or plan.

5

offenses are separated by an intervening arrest. This inquiry is preliminary to any consideration of consolidated sentencing, as reflected by use of the word 'otherwise.'" Hunter, 323 F.3d at 1322-23; see also United States v. Bradley, 218 F.3d 670, 673 (7th Cir. 2000) (citing cases discussing the requirement that the district court must look to other factors only if there was no intervening arrest).

Convictions are related for criminal history calculations if, inter alia, they "were consolidated for trial or sentencing." United States v. Mullens, 65 F.3d 1560, 1565 (11th Cir. 1995) (citing U.S.S.G. § 4A1.2, comment. (n.3)). In United States v. Veteto, 920 F.2d 823, 824 (11th Cir. 1991), we held that the fact that sentences were to run concurrently did not consolidate the cases for sentencing, but the defendant in that case was sentenced by different judges on different days. Veteto, 920 F.2d at 826.

We have not addressed whether cases are consolidated for purposes of the criminal history calculations when the defendant was sentenced by the same judge on the same day for offenses that were docketed separately and that received separate judgments.[3] The Seventh Circuit has held that in order to find that cases

---

[3] Under Florida law, sentences are consolidated when they are imposed on the same day, by the same judge, using the same score sheet, and made to run concurrently. See Clark v. Florida, 572 So.2d 1387, 1391 (Fla. 1991); Williamson v. Florida, 683 So.2d 193, 194 (Fla. Dist. Ct. App. 1996). Moreover, the state court is required to use one score sheet for all offenses "pending" before the court at sentencing. Clark, 572 So.2d at 1390-91. "Pending" refers to those offenses for which a verdict of guilty or a plea of guilty or nolo contendere has been obtained. Id. In this case, it is

were consolidated, cases must be formally consolidated by an order or "functionally consolidated," where the "convictions were 'factually or logically related, and sentencing was joint.'" <u>Buford</u>, 201 F.3d 937, 940 (7th Cir. 2000), <u>aff'd</u> 532 U.S. 59 (2001). The Seventh Circuit explained that cases are functionally consolidated where the defendant was charged with the offenses in the same indictment and he pleaded guilty at the same time in the same court. <u>Id.</u> Other circuits to address the issue of consolidation have reached similar conclusions. <u>See, e.g.</u>, <u>United States v. Huskey</u>, 137 F.3d 283, 286-88 (5th Cir. 1998) (addressing consolidation and reviewing other circuit court decisions, finding that generally cases are not consolidated when they receive separate docket numbers or separate judgments).

Here, Martinez had pleaded nolo contendere to two unrelated state offenses on the same day before the same judge and was sentenced to concurrent sentences. There was no formal consolidation order, the cases had been assigned different docket numbers, and Martinez does not dispute that he received separate judgments. Moreover, Martinez was represented by two different attorneys at

unclear whether the state court utilized a single score sheet for Martinez's two offenses, although it was required to do so under state law, in which case, the sentences would have been considered consolidated. Notably, Martinez does not raise the issue of whether his sentences were consolidated under state law, and, therefore, we need not consider this argument.

7

sentencing. Given these factors, the district court did not clearly err in concluding that Martinez's offenses were not consolidated for purposes of his criminal history calculations.

Accordingly, we AFFIRM Martinez's sentence.