[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 16, 2005
THOMAS  K. KAHN
CLERK

_____

No. 04-16187
Non-Argument Calendar

_____

D. C. Docket No. 04-60022-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNY RON ALLEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 16, 2005)**

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Kenny Ron Allen appeals his 130-month concurrent sentences, imposed after he pled guilty to two counts of possession with intent to distribute five or more grams of crack cocaine within 1,000 feet of a playground in violation of 21 U.S.C. §§ 841(a)(1), 860. On appeal, he argues that the district court erred by considering several of his prior state sentences unrelated for purposes of sentencing him under the Federal Sentencing Guidelines. Allen also filed a motion requesting oral argument. For the reasons set forth more fully below, we affirm Allen's sentence and deny his motion.

Allen pled guilty to the above-mentioned counts as charged in an indictment. According to the government's factual proffer at the plea hearing, to which Allen had no objection, on December 14, 2003, a confidential informant told DEA agents that Allen was ready to sell him 100 rocks of crack cocaine. A meeting was then arranged, and Allen sold the informant approximately 100 rocks of crack cocaine in an area located approximately 375 feet from a playground. The suspected crack cocaine was field tested as positive for cocaine and was later analyzed and determined to be 17 grams of a substance containing crack cocaine. On January 15, 2004, Allen sold 16.6 grams of crack cocaine to the informant at the same location, approximately 375 feet from a playground. Both sales were monitored by the DEA, and the total amount of crack cocaine sold was 33.6 grams.

The presentence investigation report (PSI), after grouping the two counts, calculated a base offense level of 30 for the sale of 33.6 grams of cocaine base within 1000 feet of a park, pursuant to U.S.S.G. §§ 2D1.1(a)(3) and (c)(7).  No adjustments, enhancements, or reductions were made, for a total offense level of 30.  Allen's criminal history points were totaled at 15, placing him at criminal history category VI.  Thus, Allen's guideline range was set at 168-210 months' imprisonment.

Among the prior convictions used to calculate Allen's criminal history points were four state sentences, all imposed on October 4, 2001.  Each sentence was imposed after a plea of nolo contendere, and each sentence was for 364 days' imprisonment, 15 days for time served, all imposed to run concurrently.  The charges and arrests were broken down as follows.  First, on April 24, 2001, Allen was arrested, charged, and later convicted for driving while his license was suspended/revoked, in case number 01-6751CF.  Second, on May 10, 2001, Allen was arrested, charged, and later convicted for driving while his license was suspended and for possession of marijuana in case number 01-7923CF.  Next, on May 25, 2001, Allen was arrested, charged, and later convicted for tampering with physical evidence in case number 01-8828CF.  Lastly, on July 24, 2001, Allen was arrested, charged, and later convicted for driving while his license was suspended,

3

for resisting without violence, and for disobeying a stop sign in case number 01-12589CF. Each of these convictions and sentences, for which separate arrests were made, resulted in two criminal history points apiece.

Allen filed three objections to the PSI, first arguing that he was entitled to a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Next, he argued that his criminal history points were incorrectly calculated, as the convictions listed in paragraphs 45 through 48 were consolidated for sentencing and the sentences received on each charge were identical and ordered to run concurrently; thus, he argued that they should be considered related. Allen argued that, since the sentences were related, he should receive a total of two points for all four, dropping his criminal history to IV. Lastly, Allen requested a downward departure under U.S.S.G. § 4A1.3(b)(1) arguing that his criminal history category over-represented the seriousness of his criminal history and likelihood that he would commit other crimes. A second addendum was later filed, in which Allen argued that, because a single "score sheet" was used during the consolidated sentencings for the charges listed in paragraphs 45-48, the cases should be treated as related, citing United States v. Hernandez-Martinez, 382 F.3d 1404 n.3 (11th Cir. 2004). In a formal statement of objections to the PSI, Allen indicated that the convictions in paragraphs 34-35 should also be considered related for the same

4

reasons.

Paragraphs 34 and 35 in the PSI indicated that, on January 9, 1997, Allen was arrested, charged, and convicted for possession of cocaine and drug paraphernalia and driving with a suspended license, and on February 13, 1997, was arrested, charged, and convicted for possession of cocaine and cannabis and soliciting prostitution. The cases were docketed as 97-533CF and 97-2982CF, respectively, and Allen was sentenced on the same day for both cases, with sentences to run concurrently.

At sentencing, the district court sustained Allen's objection with respect to acceptance of responsibility, awarding him a three-level reduction, but denied the motion for a downward departure. As to Allen's arguments regarding his related sentences the district court found that, notwithstanding the fact that Florida law treated the sentences at issue as consolidated, the guidelines and the Hernandez-Martinez decision required that the court first consider whether the underlying offenses at issue were separated by an intervening arrest before reaching the issue of whether the state consolidation rendered the convictions as related. Thus, it found that, because the offenses at issue were separated by intervening arrests, the "single score sheet" holding of Hernandez-Martinez was inapplicable. Allen was then sentenced to 130-month concurrent sentences for

5

each count.

On appeal, Allen argues that the district court erred by treating the convictions at issue as unrelated and, as a result, his criminal history category was incorrectly calculated. Specifically, Allen argues that, on the basis of footnote 3 in Hernandez-Martinez, the state of Florida treated his cases as consolidated because a single "score sheet" was used, and consolidated cases are considered related under U.S.S.G. § 4A1.2, comment. (n.3).[1]

We review a district court's determination that prior convictions are not related under U.S.S.G. § 4A1.2 for clear error. Hernandez-Martinez, 382 F.3d at 1306. Pursuant to U.S.S.G. § 4A1.2(a)(2), "[p]rior sentences imposed in unrelated cases are to be counted separately." U.S.S.G. § 4A1.2(a)(2). When determining whether prior sentences are related, the Commentary to the Guidelines instructs that:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or

---

[1] Allen was sentenced under mandatory guidelines on November 10, 2004, but raises no issues under United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Thus, any claim of error, constitutional or statutory, is waived. See United States v. Silvestri, 409 F.3d 1311, 1338 n.18 (11th Cir. 2005) (holding that the failure of an appellant to raise Booker issue in his initial brief waived any argument).

sentencing.

U.S.S.G. § 4A1.2, comment. (n.3).

We have previously held that: "[t]he language of Note 3 is clear. In determining whether cases are related, the first question is always whether the underlying offenses are separated by an intervening arrest. This inquiry is preliminary to any consideration of consolidated sentencing, as reflected by use of the word 'otherwise.'" United States v. Hunter, 323 F.3d 1314, 1322-23 (11th Cir. 2003). In Hernandez-Martinez, we addressed the issue of whether "cases are consolidated for purposes of the criminal history calculations when the defendant was sentenced by the same judge on the same day for offenses that were docketed separately and that received separate judgments." Hernandez-Martinez, 382 F.3d at 1307. However, we reached that issue only after noting that the parties had agreed, as a preliminary matter, that the offenses at issue in that case were not separated by an intervening arrest. Id.

In footnote 3 of Hernandez-Martinez, we noted in dicta that, under Florida law, "sentences are consolidated when they are imposed on the same day, by the same judge, using the same score sheet, and made to run concurrently." Id. at 1308 n.3 (citations omitted). However, the defendant there did not raise the issue of whether his sentences were consolidated under state law and, therefore, we

7

declined to address the issue of whether the Guidelines would also treat them as consolidated for sentencing purposes.  Id.

Here, Allen is raising the issue of whether his cases are considered consolidated under the Guidelines because they are considered as such under Florida state law.  However, even if note 3 of Hernandez-Martinez were not dicta, we decline to address the issue because here, unlike in Hernandez-Martinez, it is undisputed that the offenses at issue were separated by intervening arrests and, therefore, under the plain language of the Guidelines and our holding in Hunter, it is unnecessary to address whether Allen's sentences were consolidated.  See U.S.S.G. § 4A1.2, comment. (n.3); Hunter, 323 F.3d at 1322-23.

For the foregoing reasons, we conclude that Allen's argument lacks merit and that the district court correctly treated the challenged sentences as separate and unrelated under the Guidelines.  Nothing in Hernandez-Martinez overruled the requirement that the district court first consider the issue of intervening arrests, and, therefore, we affirm.[2]

**AFFIRMED.**

---

[2] Allen's motion for oral argument is, therefore, DENIED.