[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 16, 2005
THOMAS K. KAHN
CLERK

No. 05-12248
Non-Argument Calendar

_____

D. C. Docket No. 04-00314-CR-T-24MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARIAN ANTWAN WATTS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 16, 2005)**

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Darian Antwan Watts was indicted for possession of a firearm by a

convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). The indictment listed his prior convictions for purposes of § 924(e) and the Armed Career Criminal ("ACCA") provision, U.S.S.G. § 4B1.4, as two robbery convictions and convictions for possession of cocaine and carrying a concealed weapon.

The testimony at trial established that Watts was waving a gun in the air during a block party in River Front Park. Police ordered Watts to drop the weapon, but Watts ran. Police gave chase, during which the gun fell on the ground. After the police caught Watts and read him his rights, Watts stated that he bought the gun for protection and that he knew it was illegal for him to possess it.

Watts stipulated that he had a prior felony conviction, and, therefore, the government did not introduce evidence of his prior convictions at trial. At the close of the government's case and again at the close of all the evidence, Watts moved for judgment of acquittal, asserting, inter alia, that the three prior convictions required for application of § 924(e) and the ACCA had not been proven to the jury under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The court denied the motion, finding that Blakely did not apply to prior convictions. The jury convicted Watts.

The probation officer prepared a presentence investigation report ("PSI"), assigning a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2). The probation

officer noted the following prior convictions: On May 23, 1995, Watts was convicted of robbery, attempted robbery, possession of cocaine, and carrying a concealed weapon. With a two-level increase under § 2K2.1(b)(4), the adjusted offense level was 26, but that level was increased to 33 under U.S.S.G. § 4B1.4(a) because Watts was a career criminal. The probation officer then calculated Watts's criminal history at level VI, which resulted in an advisory guideline range of 235 to 293 months imprisonment. Under § 924(e), however, there was a mandatory minimum sentence of 15 years imprisonment.

Watts objected to his criminal history, asserting that at least one of the convictions should not have been counted because he did not have assistance of counsel. He also reiterated his objection to the application of § 924(e) and the ACCA because the jury had not found that he had three prior felony convictions that occurred on three separate occasions.

At sentencing, which occurred after the U.S. Supreme Court's decision in United States v. Booker, 543 U.S. –, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court sustained part of Watts's objection to his criminal history points and reduced his criminal history category to V, which resulted in an advisory guideline range of 210 to 262 months imprisonment. Addressing Watts's Booker (formerly Blakely) challenge, the court noted that the issue was not proven to the jury

3

because Watts had stipulated to his prior conviction for purposes of § 922(g). Although Watts requested a jury trial on his prior convictions, the court found that Booker did not require the prior convictions be proven to a jury, even after the U.S. Supreme Court's decision in Shepard v. United States, 544 U.S. –, 125 S.Ct. 1254, – L.Ed.2d – (2005). The court then reviewed the criminal informations and judgments and convictions from Watts's prior offenses.[1] The court noted that Watts had been convicted of three offenses on May 23, 1995. Although convicted on the same day, Watts committed the offenses on different days. In case number 95-103, Watts was convicted of robbery that occurred on November 30, 1994. Watts also had been convicted in case number 94-16767 of four counts of robbery and one count of attempted robbery, as well as possession of marijuana, which occurred on December 5, 1994. Finally, in case number 94-02148, Watts had been convicted of possession of cocaine and carrying a concealed weapon, which occurred on February 16, 1994.

Based on these prior convictions, the court determined that Watts had three qualifying offenses under § 924(e) and the ACCA. The court considered the advisory guidelines and the mandatory minimum sentence and found that a sentence of 210 months imprisonment met the goals of 18 U.S.C. § 3553(a) for

---

[1] Watts objected that the court could not look behind the offense of conviction to the facts of the charges to determine if it was a violent felony under the ACCA.

punishment, protection, and deterrence.

On appeal, Watts argues that any enhancement based on his prior convictions had to be proven to a jury beyond a reasonable doubt in light of Booker and Shepard. He also challenges whether his prior conviction for carrying a concealed weapon qualified as a predicate offense, although he concedes that this court has rejected his argument. Finally, he contends that the court failed to make the requisite finding that the offenses occurred on three separate occasions.

Because Watts preserved his Booker challenge in the district court, we review the sentences de novo but will reverse only if the error was not harmless. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). Purely legal questions also are reviewed de novo. United States v. Camacho-Ibarguen, 410 F.3d 1307, 1311 (11th Cir.), cert. denied, – S.Ct. – (2005). "Whether two crimes constitute a single criminal episode or two separate felonies for purposes of section 924(e) is an issue of law, which [this court] review[s] de novo." United States v. Miles, 290 F.3d 1341, 1346 (11th Cir. 2002).

A defendant is subject to enhanced penalties under § 924(e) and the ACCA if he "violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added); U.S.S.G.

5

§ 4B1.4, comment. (n.1).

Watts's arguments have no merit. First, this court has rejected Watts's claim that prior convictions must be proven to a jury, and this holding is not altered by Shepard. United States v. Glover, No. 04-16745, manuscript op. at 8-9 (11th Cir. Nov. 29, 2005); Camacho-Ibarguen, 410 F.3d at 1311; United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir.), cert. denied, 126 S.Ct. 223 (2005).

Second, there is no Sixth Amendment violation when the court determines whether a prior conviction is a qualifying offense.[2] Glover, manuscript op. at 9 (discussing "crime of violence" under U.S.S.G. § 4B1.2); United States v. Gallegos-Aguero, 409 F.3d 1274, 1276-77 (11th Cir. 2005) (discussing qualifying offenses under U.S.S.G. § 2L1.2(b)(1)(A)(vii)).

Third, Watts's prior conviction for carrying a concealed weapon is a qualifying offense. United States v. Hall, 77 F.3d 398, 401 (11th Cir. 1996).

Finally, although the district court did not make an explicit finding that the offenses occurred on three separate occasions, this error was harmless and does not require reversal. At sentencing, the court reviewed the information from each

---

[2] Although Watts preserved his objection to the court's factual findings that his offenses were predicate offenses, Watts did not object to the facts of his prior convictions. Because he did not object to these findings, they are deemed admitted. United States v. Burge, 407 F.3d 1183, 1191 (11th Cir.), cert. denied, 126 F.3d 551 (2005).

offense and listed the dates on which the offenses occurred even though the offenses were adjudicated and sentenced on the same day.[3]

Here, the court properly reviewed the charging documents to determine that the offenses occurred on three separate occasions as required by the statute. According to the informations, Watts committed his prior offenses on February 16, November 30, and December 5, 1994. The fact that he was adjudicated guilty and sentenced for all three on the same day does not alter the fact that he committed the offenses on separate occasions.[4] Therefore, as the plain language of the statute requires, Watts's prior convictions occurred on "occasions different from one another" and, therefore, were qualifying offenses. See 18 U.S.C. § 924(e)(1). Thus, even if the court erred by not explicitly finding that the offenses occurred on

---

[3] Although Watts contends that the court's review of the information and judgment and conviction was improper, his argument is misplaced. As this court explained "[w]hen a court considers the application of a sentencing enhancement it should generally follow a 'categorical approach' and 'consider only the fact of conviction and the statutory definition of the prior offense.'" United States v. Burge, 407 F.3d 1183, 1187 (11th Cir.), cert. denied, 126 F.3d 551 (2005). However, "the district court 'may look behind the judgment of conviction when it is impossible to determine from the face of the judgment or statute whether the prior crime satisfies the enhancement statute.'" Id. In such cases, the district court's review "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant . . . or to some comparable judicial record of this information." Id. (citing Shepard, 125 S.Ct. at 1263).

[4] See, e.g., United States v. Hernandez-Martinez, 382 F.3d 1304 (11th Cir. 2004) (holding that prior sentences were not consolidated and, therefore, not related under U.S.S.G. § 4A1.2 where the offenses occurred on different days and involved different victims, were docketed separately and received separate judgments even though they were sentenced before the same judge on the same day).

different occasions, the error was harmless, and we AFFIRM.