**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued January 25, 2006
Decided February 10, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-2973

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of |
| | Illinois, Eastern Division |
| v. | |
| | No. 04 CR 129 |
| WALLACE NUNN, | |
| *Defendant-Appellant*. | Charles R. Norgle, Sr., |
| | *Judge* |

**ORDER**

Wallace Nunn was convicted and sentenced to 70 months' imprisonment and 3 years' supervised release after he pleaded guilty to being a felon in possession of a firearm.  *See* 18 U.S.C. § 922(g)(1).  On appeal he challenges his sentence, arguing that the district court improperly calculated his offense level and criminal history score when it considered two prior felony convictions to be separate, unrelated crimes.  This resulted in a guideline imprisonment range nearly double what it would have been had the district court found those convictions "related."  Because the district court's determination of relatedness was not clearly erroneous, we affirm Nunn's sentence.

Nunn's presentence investigation report disclosed two prior Illinois felony convictions, one for armed robbery and one for attempted murder.  The armed

robbery consisted of Nunn and another man finding someone washing a Lexus automobile in an alley then stealing the car at gunpoint.  It is not clear what Nunn and his accomplice did immediately after stealing the car, but the next day they drove it into a rival gang's territory to provoke some sort of confrontation.  Apparently they got what they were looking for, but they were outnumbered and the other gang surrounded the car.  In the process of fleeing the scene, Nunn "bumped" several of the rival gang members with the car.  No one was killed, but ultimately he was convicted of attempted murder.  The probation officer who calculated the range for Nunn's federal offense characterized these prior convictions as deriving from two unrelated crimes of violence and recommended a base offense level of 24.  *See* U.S.S.G. § 2K2.1(a)(2).  After a three-point reduction for acceptance of responsibility, a total offense level of 21 and a criminal history category of V resulted.  The probation officer then determined that the sentencing guidelines range was 70-87 months' imprisonment and recommended that Nunn be incarcerated for 70 months.

Nunn objected to the PSR, arguing that his prior felony convictions are related and should be counted as just one prior conviction instead of two when calculating his offense level and criminal history.  *See* U.S.S.G. §§ 2K2.1 cmt. n.12 (only those felony convictions that are counted separately toward criminal history points affect the base offense level), 4A1.2(a)(2) ("[p]rior sentences imposed in related cases are to be treated as one sentence" in computing criminal history points).  According to Nunn, the correct base offense level is 20, *see* U.S.S.G. § 2K2.1(a)(4), resulting in a total offense level of 17 and a criminal history category of IV.  Thus, he claimed, the proper imprisonment range under the guidelines is 37-46 months.

As is relevant here, under the sentencing guidelines prior sentences are related if they resulted from offenses that were (1) "part of a single common scheme or plan" or (2) "consolidated for trial or sentencing."  *See* U.S.S.G. § 4A1.2 cmt. n.3.  To prove consolidation, Nunn showed that the two Illinois crimes were charged by the same grand jury, received different but sequential case numbers, and were assigned to the same sentencing judge.  He also received identical concurrent sentences on each charge, although the sentences are recorded on separate judgment documents.  To show a common scheme, Nunn offered to testify that at the time he stole the car he intended to use it to enter a rival gang's territory, but not to kill anyone.

After considering Nunn's evidence and proffered testimony, the district court concluded that Nunn's prior convictions were not related.  The district court first noted that Nunn's evidence concerning sequential case numbering, assignment to the same judge, and concurrent sentencing showed some "issues of relatedness" but

was not dispositive of consolidation.  It then reasoned that, because the sentencing court treated the two cases individually when it issued two separate sentences on two distinct crimes, the cases were not consolidated.  The district court also explained that the historical record contained no indication that a common scheme or plan existed at the time Nunn stole the car, and it declined to hear Nunn's proffered testimony.  The district court then adopted the probation officer's guideline calculation, acknowledged that the guidelines were merely advisory, and imposed a 70-month term of imprisonment.

On appeal, Nunn argues that the district court miscalculated his offense level and criminal history category when it found his prior Illinois felony convictions to be unrelated crimes of violence.  A district court's determination that cases have been consolidated for sentencing is a question of fact.  *United States v. Burford*, 201 F.3d 937, 942 (7th Cir. 2000).  Likewise, its determination whether prior crimes were part of a common scheme or plan is also a question of fact.  *United States v. Brown*, 209 F.3d 1020, 1023 (7th Cir. 2000).  We review these factual determinations for clear error.  *Id.*; *Buford*, 201 F.3d at 942.

Nunn first contends that because his cases were reported on the same arrest report, presented to the same grand jury, issued sequential case numbers, assigned to the same sentencing judge, and received identical concurrent sentences, his prior felony sentences were "in fact" consolidated.  Thus, he urges finding consolidation under U.S.S.G. § 4A1.2(a)(2) if "the cases were procedurally handled together by the same sentencing Judge."

Consolidation has occurred when (1) the sentencing court issued a formal order of consolidation, or (2) the prior cases were "functionally consolidated."  *United States v. Best*, 250 F.3d 1084, 1095 (7th Cir. 2001).  Functional consolidation occurs when the prior cases "are factually or logically related," *id.*, and there "is a showing on the record of the sentencing hearing that the sentencing judge considered the cases sufficiently related for consolidation and effectively entered one sentence for the multiple convictions."  *United States v. Stalbaum*, 63 F.3d 537, 539 (7th Cir. 1995).  Simultaneous disposition merely for the sake of administrative convenience is not consolidation under U.S.S.G. § 4A1.2(a)(2).  *Best*, 250 F.3d at 1095.

In this case, the record of the sentencing court indicates that, at most, it issued the two sentences at the same time merely for administrative convenience.  Nunn concedes that there was no formal order of consolidation.  There was no functional consolidation either.  Significantly, the cases were issued separate docket numbers, and the judge maintained the separate numbers for sentencing purposes.  The

sentencing judge also entered separate judgments on separate documents and imposed separate, albeit concurrent, sentences for each offense. *See Best*, 250 F.3d at 1095 (finding no consolidation where sentencing court maintained separate docket numbers and entered separate judgments); *Burford*, 201 F.3d at 939-40 (finding no consolidation where court entered separate judgments and sentences); *United States v. Russell*, 2 F.3d 200, 203 (7th Cir. 1993) (finding no consolidation where defendant charged with separate crimes, and court issued separate judgments and imposed separate, yet concurrent, terms of imprisonment); *see also United States v. Hernandez-Martinez*, 382 F.3d 1304, 1308 (11th Cir. 2004); *United States v. Paden*, 330 F.3d 1066, 1067-68 (8th Cir. 2003). Accordingly, the district court did not clearly err when it found Nunn's Illinois sentences were not consolidated within the meaning of U.S.S.G. § 4A1.2(a)(2). *See Best*, 250 F.3d at 1096; *Burford*, 201 F.3d at 940-42.

Nunn next argues that even if the Illinois court had not consolidated his prior felony convictions for sentencing, they were part of a common scheme, and the district court erred when it refused to consider his proffered testimony on this issue. Under U.S.S.G. § 4A1.2(a)(2), a defendant's crimes are part of a common scheme only if they were jointly planned or one crime entailed commission of the other. *Brown*, 209 F.3d at 1023; *United States v. Joy*, 192 F.3d 761, 771 (7th Cir. 1999). Nunn bears the burden of proving that he intended from the outset to commit both attempted murder and armed robbery or that he intended to run down rival gang members with a stolen car which, by necessity, involved stealing a car. *See Brown*, 209 F.3d at 1023; *United States v. Carroll*, 110 F.3d 457, 460 (7th Cir. 1997).

Nunn never suggested to the district court that he planned to murder anyone with the car at the time he stole it. To the contrary, his proffered testimony, as described by his lawyer, was that he intended only to steal the car to permit quick access into and out of a rival gang's territory. Although we have held that the district court must allow a defendant to present testimony concerning contested issues of material fact that affect computation of the guidelines sentence, *United States v. Dean*, 414 F.3d 725, 727-28 (7th Cir. 2005), the proposed testimony must be probative. Nunn's proposed testimony of his intent to steal the car only as transportation does not show that Nunn intended to use the car as a weapon. The district court therefore was within its discretion when it declined to hear Nunn's testimony.

Moreover, according to Nunn's argument to the district court, he decided to strike rival gang members with the car only after they gained the upper hand in a fight that occurred the morning after he stole the car. Thus, by Nunn's own

admission, his decision to use the car as a weapon was not contemplated at the time he took the car, so the two crimes were not a common scheme. *See United States v. Ali*, 951 F.2d 827, 828 (7th Cir. 1992) (holding that a crime merely "arising out of the commission of a previous crime is not . . . related to the earlier crime in the special sense of being part of a common scheme or plan"). Nunn offered no other evidence to support his contention that the robbery and attempted murder were part of a common scheme. Thus the district court did not clearly err when it rejected this argument.

AFFIRMED.