[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15935
Non-Argument Calendar

_____

D. C. Docket No. 06-20114-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC BRIDGES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 20, 2007)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Eric Bridges appeals his sentence of 82 months of imprisonment, imposed

after he pleaded guilty to one count of conspiracy to commit mail and wire fraud, 18 U.S.C. § 1329, three counts of mail fraud, 18 U.S.C. § 1341, and one count of wire fraud, 18 U.S.C. § 1343. Bridges has been arrested a number of times in his life, two of which are relevant to this appeal: On May 27, 1995, he was arrested for assaulting a female. On July 7 of the same year, he was arrested a second time, again for assaulting a female. Five days later, a North Carolina court sentenced him to 45 days in jail and two years of probation on each charge, to run concurrently. In the case before us, the district court counted each charge as a separate offense, which pushed Bridge over the threshold necessary to qualify for a Criminal History Category of IV. On appeal, Bridges argues that the government failed to establish that his two prior state convictions for assault on a female were separate offenses. We review for clear error a district court's determination that prior convictions were not related for purposes of sentencing. United States v. Hernandez-Martinez, 382 F.3d 1304, 1306 (11th Cir. 2004).

In calculating a defendant's criminal history score, prior sentences imposed for related convictions should be counted as one sentence. United States Sentencing Guidelines Manual § 4A1.2(a)(2) (2005). The relevant application note reads in pertinent part:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is

2

arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2, cmt. (n. 3). As we explained in United States v. Hunter, 323 F.3d 1314, 1322–23 (11th Cir. 2003): "The language of Note 3 is clear. In determining whether cases are related, the first question is always whether the underlying offenses are separated by an intervening arrest. This inquiry is preliminary to any consideration of consolidated sentencing, as reflected by use of the word 'otherwise.'" It is clear that Bridges was arrested for the first assault prior to committing the second. Therefore the cases are not related.

Bridges argues that he only assaulted his girlfriend one time. He explains that the first arrest was for the assault, and the second arrest was for missing his court date. We might agree with Bridges that if he struck or threatened his girlfriend only one time, the fact that he was arrested twice for that assault would not trigger Note 3's intervening arrest rule. However, the Presentence Investigation Report reflects that Bridges was sentenced to two counts of assault on a female, to run concurrently. We are extremely doubtful that the state court sentenced Bridges to two counts of assault for striking his girlfriend a single time. So doubtful, in fact, that it was not clear error for the district court to conclude

3

otherwise, absent credible evidence from Bridges to the contrary.

Because there has been an intervening arrest, we need not address the question of whether the two cases were consolidated for all purposes or only for sentencing. We also do not address the government's contention that defendants should bear the burden of proof on relatedness.

**AFFIRMED.**