[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 8, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13716
Non-Argument Calendar

_____

D. C. Docket No. 07-00070-CR-A-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEREZ ALLEN MANN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(April 8, 2009)**

Before CARNES, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Perez Allen Mann appeals his 96-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), possession of a sawed-off shotgun, in violation of 26 U.S.C. § 5861(d), and possession of body armor by a person previously convicted of a felony that is a crime of violence, in violation of 18 U.S.C. § 931(a)(1). Mann contends that the district court erred in calculating his criminal history under the Sentencing Guidelines because it counted two of his previous convictions, which were separated by an intervening arrest but consolidated for sentencing, as two separate offenses.

I.

We review a district court's determination that prior convictions are not related under U.S.S.G. § 4A1.2 only for clear error. United States v. Hernandez-Martinez, 382 F.3d 1304, 1306 (11th Cir. 2004). According to the 2006 version of the Guidelines, prior sentences imposed in unrelated cases are counted separately in calculating the criminal history category. U.S.S.G. § 4A1.2(a)(2) (2006). When determining whether prior sentences are related, the commentary to the Guidelines instructed that:

Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a

2

single common scheme or plan, or (C) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2, comment. (n.3) (2006).

We have previously held that "[t]he language of Note 3 is clear. In determining whether cases are related, the first question is always whether the underlying offenses are separated by an intervening arrest. This inquiry is preliminary to any consideration of consolidated sentencing . . . ." United States v. Hunter, 323 F.3d 1314, 1322-23 (11th Cir. 2003). When there is an intervening arrest, prior convictions are counted separately in determining criminal history score. Id. at 1323. While the 2007 Guidelines eliminated Advisory Note 3, it did not change the substance of the rule. Instead, the 2007 Guidelines make clear that the initial inquiry is to be "whether the prior sentences were for offenses that were separated by an intervening arrest[,] . . . [and i]f so, they are to be considered separate sentences, counted separately, and no further inquiry is required." U.S.S.G. App. C, amend. 709 (Reason for Amendment). See also U.S.S.G. § 4A1.1.2 (a)(2) (2007) (instructing that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest").

What all of this means is that the district court did not clearly err in counting two of Mann's previous convictions separately because an intervening arrest did separate the two criminal acts for which Mann was assigned criminal history points.

**AFFIRMED.**