[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13854
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 25, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 06-00026-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOMER HOLLOWAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 25, 2010)

Before DUBINA, Chief Judge, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Homer Holloway challenges his 156-month sentence for conspiracy to distribute, and to possess with intent to distribute, a quantity of crack and cocaine, in violation of 21 U.S.C. § 846. Holloway raises three arguments on appeal: (1) the district court erred in calculating his criminal history category, (2) the district court erred by failing to grant Holloway a downward adjustment based on his minor role in the offense, and (3) the district court violated the plea agreement and his Sixth Amendment rights by accepting the probation officer's calculation of his base offense level based on a quantity of 15 to 50 kilograms of cocaine.

## I.

Holloway argues that the district court erred in ruling that his prior burglary offenses are not "related offenses" under U.S.S.G. § 4A1.2(a)(2) for purposes of calculating his criminal history. Holloway contends that his prior concurrent sentences for burglary convictions in separate counties were part of a "single common scheme or plan" because they occurred within a short span of weeks in a small geographic area and involved the same core group of accomplices and the same type of victim, thus satisfying some of the factors identified in U.S.S.G. § 1B1.3 cmt. n.9(a). Holloway notes that the only reason the two sets of crimes

were not formally consolidated for trial or sentencing was due to Georgia's jurisdictional laws.

We review a district court's determination of whether prior convictions are related for purposes of U.S.S.G. § 4A1.2 for clear error. *United States v. Hernandez-Martinez*, 382 F.3d 1304, 1306 (11th Cir. 2004). "[W]e will not find clear error unless our review of the record leaves us with the definite and firm conviction that a mistake has been committed." *United States v. White*, 335 F.3d 1314, 1319 (11th Cir. 2003) (internal quotation marks omitted).

In calculating a defendant's criminal history score, prior sentences imposed in unrelated cases are counted separately, while prior sentences imposed in related cases are treated as one sentence. U.S.S.G. § 4A1.2(a)(2). Pursuant to the November 1, 2005 edition of the United States Sentencing Guidelines Manual, which was in effect at the time of Holloway's offense, if the prior sentences are not separated by an intervening arrest, they are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.[1] U.S.S.G. § 4A1.2 cmt. n.3 (2005).

---

[1]The Sentencing Commission abandoned the three-factor relatedness test in the November 1, 2007 edition of the Guidelines Manual, but the parties have all agreed that the 2005 edition should apply due to *ex post facto* concerns. *See* U.S.S.G. § 4A1.2(a)(2) (2007).

We conclude that the district court did not clearly err in determining that the offenses are unrelated. The evidence supports the district court's conclusion that the two sets of offenses were not committed on the same occasion and were not part of the same common scheme or plan as they were committed in different counties and involved different victims and different accomplices.

## II.

Holloway argues that the district court erred in failing to consider him a "minor participant," thereby denying a downward adjustment based on his minor role in the offense. Holloway argues that the presentence investigation report (PSI) clearly showed that his role in the drug distribution organization was significantly less than the role of codefendant Stephanie Collins, and he was therefore entitled to a minor role reduction.

A district court's determination of whether a defendant qualifies for a minor role adjustment under the guidelines is a finding of fact that we review only for clear error. *United States v. Rodriguez De Varon*, 175 F.3d 930, 934 (11th Cir. 1999) (en banc). The proponent of the downward adjustment bears the burden of establishing his minor role in the offense by a preponderance of the evidence. *Id.* at 939. Pursuant to U.S.S.G. § 3B1.2, a defendant may receive an adjustment for his mitigating role in the offense if he "plays a part in committing the offense that

4

makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n.3(A). A two-level, minor role reduction under § 3B1.2(b) applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5).

Under *De Varon*, the district court conducts a two-part analysis of a defendant's conduct to determine whether the defendant is entitled to a minor role reduction. 175 F.3d at 940-45. First, the court must measure the defendant's role against the relevant conduct for which he was held accountable at sentencing. *Id.* at 945. Second, the district court may compare "the defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct." *Id.* "[A] defendant is not automatically entitled to a minor role adjustment merely because [he] was somewhat less culpable than the other discernable participants." *Id.* at 944. To apply the adjustment under this prong, the district court must find that "the defendant was less culpable than *most other participants* in [his] relevant conduct." *Id.* (emphasis in original).

The district court did not clearly err in determining that Holloway was an average participant and, therefore, is not entitled to a minor role reduction. The fact that Holloway believes he is less culpable than one co-conspirator, Collins, is not persuasive on this point as the conspiracy included more than thirty people.

5

As a whole the evidence supports the district court's conclusion that Holloway was not entitled to a minor role adjustment.

## III.

Holloway argues for the first time on appeal that (1) the district court violated his Sixth Amendment jury trial rights by accepting the PSI's calculation of his base offense level based on a quantity of 15 to 50 kilograms of cocaine, and (2) the district court's reliance on the PSI's calculation of the amount of cocaine he was responsible for violated the provision of his plea agreement stating that no information provided by Holloway would be used against him.

"We review sentencing arguments raised for the first time on appeal for plain error." *United States v. Bonilla*, 579 F.3d 1233, 1238 (11th Cir. 2009). To establish plain error, an appellant must show there is (1) error, (2) that is plain, and (3) that prejudicially affected his substantial rights. *Id.* If the appellant shows that all three conditions are met, "we may exercise our discretion to recognize a forfeited error, but only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (internal quotation marks and alteration omitted).

In *Apprendi*, the Supreme Court held that, except for the fact of prior convictions, the government must prove to a jury beyond a reasonable doubt any

fact that increases the statutory maximum sentence. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000). "The 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 2537, 159 L. Ed. 2d 403 (2004) (emphasis in original). In *United States v. Smith*, we held that when a sentencing court understood that "it was operating under an advisory scheme, its fact-finding did not implicate the Sixth Amendment." 480 F.3d 1277, 1281 (11th Cir. 2007). "In cases where a defendant's actual sentence falls within the range prescribed by the statute for the crime of conviction[,] there is no *Apprendi* constitutional error." *United States v. Underwood*, 446 F.3d 1340, 1344 (11th Cir. 2006) (internal quotation marks omitted).

The district court did not violate Holloway's plea agreement or his Sixth Amendment rights under *Apprendi*, and Holloway has failed to show that the district court committed plain error in sentencing him. Holloway's sentence of 156 months' imprisonment falls within the imprisonment range prescribed by the statute. *See* 21 U.S.C. § 841(b)(1)(C). The probation officer and the district court based its calculation of the amount of cocaine attributable to Holloway on proffer statements and testimony of several of Holloway's co-conspirators, not on

7

information provided by Holloway as part of his plea agreement.  Therefore, the district court did not commit plain error in considering such evidence.

**AFFIRMED.**