[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17403
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20403-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY ANTWAN AMMONS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 9, 2018)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant Corey Ammons appeals his 180-month sentence, imposed after he pled guilty to being a felon in possession of a firearm and ammunition. On appeal, he argues that the district court erred by enhancing his sentence under the Armed Career Criminal Act ("ACCA") because his four prior convictions for Florida armed robbery did not occur on separate occasions from one another. He also challenges the procedural and substantive reasonableness of his sentence. After careful review, we affirm.

## I.    BACKGROUND

In 2016, Defendant pled guilty pursuant to a written plea agreement to being a felon in possession of a firearm and ammunition, in violation 18 U.S.C. §§ 922(g) and 924(e).

In preparation for sentencing, the probation officer prepared the Presentence Investigation Report ("PSR"). The PSR assigned Defendant a base offense level of 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(A). The PSR determined that Defendant was an armed career criminal under U.S.S.G. § 4B1.4 based on his 2010 convictions in Florida for four counts of armed robbery and four counts of conspiracy to commit armed robbery, resulting in an enhanced offense level of 33. With a three-level reduction for acceptance of responsibility, Defendant's total offense level was 30. Based on a total offense level of 30 and a criminal history category of IV, Defendant's guideline range was 135 to 168 months'

2

imprisonment.  However, his guideline range became 180 months' imprisonment based on his armed-career-criminal designation.  Defendant objected to the application of the ACCA enhancement, arguing that the armed robbery convictions should be counted as one offense because they were related and there were no intervening arrests.  He also requested a downward variance.

At sentencing, Defendant reiterated that the ACCA should not apply because his armed robbery convictions were part of a conspiracy and should therefore be counted as one offense.  The district court overruled the objection, concluding that the four armed robberies occurred on separate occasions because they occurred at separate times, in different locations, and had different victims.  The district court noted that it had no discretion to grant Defendant's motion for a downward variance given the statutory minimum sentence.  Accordingly, the district court sentenced Defendant to 180 months' imprisonment.  This appeal followed.

## II.    DISCUSSION

### A.    ACCA Enhancement

Defendant argues that his sentence was improperly enhanced under the ACCA.  To be clear, he does not argue that a conviction for Florida armed robbery does not qualify as a violent felony.  Instead, he argues that he does not qualify for the ACCA enhancement because his Florida armed robbery convictions were related and thus did not occur on separate occasions from one another.

3

We review *de novo* whether prior convictions occurred on separate occasions for purposes of the ACCA. *See United States v. Proch*, 637 F.3d 1262, 1265 (11th Cir. 2011). Under the ACCA, a defendant who violates § 922(g) is subject to a 15-year mandatory minimum sentence if he has three prior convictions for either a violent felony or a serious drug offense that were committed on different occasions from one another. 18 U.S.C. § 924(e). The Government bears the burden of proving by a preponderance of the evidence that the prior convictions "arose out of a separate and distinct criminal episode." *United States v. Sneed*, 600 F.3d 1326, 1329 (11th Cir. 2010) (quotations omitted).

Important to the separate-occasions inquiry is whether "the perpetrator had a meaningful opportunity to desist his activity before committing the second offense." *United States v. Pope*, 132 F.3d 684, 690, 692 (11th Cir. 1998). We consider offenses separate "[i]f some temporal break happens between two offenses." *Proch*, 637 F.3d at 1265. "Distinctions in time and place are usually sufficient to separate criminal episodes from one another even when the gaps are small." *Sneed*, 600 F.3d at 1330 (quotation omitted). To prove that the offenses occurred on separate occasions, the Government must use *Shepard*[1]-approved documents, such as the charging documents, the plea agreement, the plea colloquy, or jury instructions. *Id.* at 1332–33.

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

Here, the district court properly concluded that Defendant's four convictions for armed robbery were separate offenses under the ACCA.  In his plea colloquy before the Florida trial court in 2010, Defendant admitted that he participated in the armed robbery of a victim named F.T. on February 3, 2010, at 4:10 AM on 13th Street and Drexel Court in Miami Beach.  Twenty minutes later, Defendant then participated in a second robbery against victims named J.D. and D.S. on 820 Euclid Avenue.  Defendant admitted that the third armed robbery occurred the following day, on February 4, 2010, at 2:00 AM against another victim, C.G., at 41st Street and the Boardwalk in Miami Beach.  Finally, Defendant admitted that approximately one-half hour after that robbery, he participated in another armed robbery against J.W., M.S., P.C., and V.F. on 20th Street in Miami Beach.

The plea colloquy establishes that Defendant committed four separate and distinct armed robberies against several different victims.  Given the different locations and the gaps in time between the armed robberies—including the 20-minute period between the first and second armed robberies and the nearly 24-hour period between the second and third armed robberies—Defendant had "a meaningful opportunity to desist his activity" before participating in each subsequent offense.  *See Pope*, 132 F.3d at 690, 692 ("[T]he 'successful' completion of one crime plus a subsequent conscious decision to commit another crime makes that second crime distinct from the first for purposes of the ACCA.").

5

Defendant's argument that his armed-robbery convictions did not occur on different occasions because they were part of a common scheme is not persuasive. To support his argument, Defendant relies on commentary to a prior version of the Guidelines, which provided that offenses were related, and thus not counted separately for purposes of calculating criminal history, if they were part of a common scheme or plan. *See* U.S.S.G. § 4A1.2, comment. (n.3) (2003) ("[P]rior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing."); *see also United States v. Hernandez-Martinez*, 382 F.3d 1304, 1306 (11th Cir. 2004) (analyzing whether a defendant's convictions were part of a common scheme for purposes of determining his criminal history score under U.S.S.G. § 4A1.2). This specific Guidelines' commentary, however, is no longer in effect. *Compare* U.S.S.G. § 4A1.2, comment. (n.3) (2003) *with* U.S.S.G. § 4A1.2(a)(2) (2016); *see also* U.S.S.G., Supplement to Appendix C, Amendment 709 (effective Nov. 1, 2007). But regardless, this commentary related to whether an offense was counted separately for purposes of calculating criminal history under the Guidelines and is irrelevant to our present inquiry: whether two offenses occurred on separate occasions for purposes of the ACCA.

6

In short, Defendant's four armed robbery convictions are separate and distinct offenses because he completed each individual armed robbery before traveling to a new location and deciding to participate in another armed robbery. After successfully completing each armed robbery, Defendant made a conscious decision to participate in the next armed robbery. *See Pope*, 132 F.3d at 690, 692. Because Defendant's four prior convictions for armed robbery occurred on different occasions, the district court did not err by applying the ACCA enhancement.

## B.    Reasonableness of Sentence

Using a two-step process, we review the reasonableness of a sentence for abuse of discretion. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). We first look to whether the district court committed any significant procedural error, such as miscalculating the advisory guideline range, treating the Sentencing Guidelines as mandatory, failing to consider the § 3553(a) factors,[2] selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *Id.* Once we have determined that the sentence is procedurally

---

[2] The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

reasonable, then we examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *Id.* The party challenging the sentence bears the burden of showing that it is unreasonable. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

Defendant first argues that the district court committed procedural error by failing to consider the § 3553(a) factors. Because Defendant failed to raise this argument before the district court, our review is for plain error.[3] *United States v. Parks*, 823 F.3d 990, 996 (11th Cir. 2016) (explaining that plain-error review applies where a defendant raises an argument for the first time on appeal that the district court did not consider the § 3553(a) factors); *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (reviewing for plain error a procedural-reasonableness argument raised for the first time on appeal). Defendant, however, cannot show that the district court committed error, let alone plain error, because the record refutes his argument.

Prior to imposing sentence, the district court listened to the parties' arguments and expressly stated that it had considered the PSR and the § 3553(a) factors. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) ("In consideration of the § 3553(a) factors, the district court does not need to discuss or

---

[3] To establish plain error, "there must be (1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and . . . (4) the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Madden*, 733 F.3d 1314, 1320 (11th Cir. 2013) (alteration accepted).

state each factor explicitly.  An acknowledgement the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." (citation omitted)).  Because this was sufficient under our precedent, Defendant cannot show that the district court committed procedural error.

Defendant's 15-year sentence is also not substantively unreasonable.  In sentencing Defendant, the district court weighed the § 3553(a) factors, considering that it did not have discretion to impose a sentence below the statutory minimum and that Defendant had a bright future before he started committing crimes.  In fact, the court noted that Defendant "should not be standing here in this courtroom, not after all the opportunities, the incredible opportunities that ha[d] been made available to [him]."  We cannot say that the district court "committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010).  Moreover, the fact that the 15-year sentence was significantly below the statutory maximum of life imprisonment suggests that it was reasonable.  *Gonzalez*, 550 F.3d at 1324 (stating that a sentence well below the statutory maximum is an indicator of reasonableness).

## III.    CONCLUSION

For the above reasons, Defendant's sentence is **AFFIRMED.**

9