[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-15299

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**September 27, 2004**
**THOMAS  K. KAHN**
**CLERK**

D.C. Docket No. 03-60042-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRYAN WINFRED SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(**September 27, 2004**)

Before HULL and MARCUS, Circuit Judges, and HANCOCK[*], District Judge.

PER CURIAM:

After pleading guilty, Defendant Bryan Winfred Smith was sentenced to

_____

[*]Honorable James H. Hancock, United States District Judge for the Northern District of
Alabama, sitting by designation.

151 months' imprisonment for bank robbery, in violation of 18 U.S.C. § 2113(a). On appeal, Smith argues that the district court improperly concluded that he was a career offender under United States Sentencing Guideline ("U.S.S.G.") § 4B1.1(a). After review and oral argument, we affirm.

## I. BACKGROUND

On March 6, 2003, a federal grand jury returned a three-count indictment against Smith, charging him with two counts of bank robbery and one count of theft of a controlled substance from Eckerd Drugs. Pursuant to a plea agreement, Smith pled guilty to one count of bank robbery, and the government agreed to dismiss the other two counts.

The PSI recommended that Smith be sentenced as a career offender, pursuant to § 4B1.1(a), because Smith was convicted of several prior crimes of violence. Smith's prior state crimes were all committed in the Knoxville, Tennessee, area over the course of three days. On October 17, 1996, Smith burglarized the Video Station, and approximately 13 hours later, committed aggravated robbery at the same store. On October 18, 1996, Smith committed aggravated robbery of the 400 East Inskip Road Market and aggravated robbery at the Favorite Market. On October 19, 1996, Smith robbed Doanes Market, committed aggravated robbery of the Pantry Store, attempted robbery of a

Dairymart, attempted aggravated robbery of Buddy's Market and Deli, and burglary of the Video Station.

All of these state offenses were adjudicated on December 4, 1997, in Criminal Court in Knox County, Tennessee. There was no formal order of consolidation, and each case had a separate docket number, charged offenses that occurred on different dates, and involved different victims. The government, however, does not dispute that Smith's state cases were called together on the same day, before the same state court judge, with the same prosecutor and the same defense counsel. It is also undisputed that the state court judge ordered all the sentences to run concurrent to each other, and that all of Smith's criminal activity was disposed of during that one proceeding.

At sentencing, Smith argued that his state crimes listed above had been (1) "functionally consolidated" or (2) were part of a common scheme or plan. Therefore, according to Smith, he did not have two prior felony convictions as required by § 4B1.1(a) and was not a career offender under the guidelines.

The district court rejected Smith's arguments and concluded that Smith's cases were heard at the same time for the administrative convenience of the court as follows:

[It] seems to me to be a fortuitous event, in the sense, but for the

3

convenience of the Court and really inuring to the benefit of the defendant in this cases. He got lucky. He got lucky because he happened, for the convenience of the Court, to be sentenced to three offenses on the same day and whereas he could have been sentenced consecutively, he got a windfall gain by getting a concurrent sentence. Now he is coming back and using that against, in effect, the guideline provision in this case by saying, treat them as a consolidated case.

In a sense to me he is getting a double benefit of just luck. He got lucky the first time out where the Judge as a matter of convenience decided to sentence him on the same date. He didn't have to. It is not like he was being charged for two different crimes that occurred at the same time. They weren't, they occurred over a period of time and separate offenses, then he gave him a concurrent sentence, which he didn't have to, and on top of that you are saying because of that fortuitous event we ought to treat them as consolidated and not as career offender offenses.

(Emphasis added). Smith appeals his sentence.

## II. DISCUSSION

On appeal, Smith argues that the district court improperly considered him a career offender under § 4B1.1(a). According to Smith, his prior state convictions had been "functionally consolidated" for sentencing and were therefore "related" pursuant to § 4A1.2(a)(2). Thus, Smith argues, his prior state convictions do not count as two prior convictions for the purposes of § 4B1.1(a).

The Supreme Court "has confirmed that appellate courts should give 'due deference' to a district court's application of the 'Sentencing Guidelines term' to the facts." United States v. Hernandez-Martinez, — F.3d —, 2004 WL 1946072,

4

at *2 (11th Cir. Sept. 2, 2004) (citing <u>Buford v. United States</u>, 532 U.S. 59, 63-64, 121 S. Ct. 1276, 1279 (2001) and <u>United States v. White</u>, 335 F.3d 1314, 1318 (11th Cir. 2003)). Accordingly, "[we] review a district court's determination that prior convictions are not related under U.S.S.G. § 4A1.2 for clear error." <u>Hernandez-Martinez</u>, 2004 WL 1946072, at *2 (citing <u>United States v. Hunter</u>, 323 F.3d 1314, 1322-23 (11th Cir. 2003)) (footnote omitted). Before discussing the functionally-consolidated doctrine, we address the career offender provision in § 4B1.1(a) of the guidelines.

A.     Career Offender Under Section 4B1.1(a)

Section 4B1.1(a) provides that a defendant is a "career offender" if

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). In this case, there is no dispute that Smith was at least eighteen years old when he committed the instant federal offense of conviction (bank robbery) or that his bank robbery offense was a crime of violence. What is in dispute is whether the state crimes, for which Smith was sentenced on December 4, 1997, constituted "two prior felony convictions" under § 4B1.1(a) of

5

the guidelines.

Section 4B1.2(c) of the guidelines defines what constitutes "two prior felony convictions." According to § 4B1.2(c) the term "two prior felony convictions" means, in relevant part, that "the sentences for at least two of the [prior] felony convictions are counted separately under the provisions of" the guidelines. U.S.S.G. § 4B1.2(c). Furthermore, the commentary pertaining to § 4B1.2 directs courts to look to § 4A1.2, as follows: "The provisions of § 4A1.2 . . . are applicable to the counting of convictions under § 4B1.1." U.S.S.G. § 4B1.2, cmt. n.3. Therefore, we look to § 4A1.2 to determine whether Smith's state felony convictions are counted (1) together as "related" and, therefore, as one conviction, <u>or</u> (2) counted separately as at least two prior convictions.

B.    "Related" Cases Under Section 4A1.2

Although Smith's state convictions and sentences were obviously for separate crimes, § 4A1.2 instructs courts on how to determine a defendant's prior criminal history. According to § 4A1.2(a)(2): "Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences in related cases are to be treated as one sentence." U.S.S.G. § 4A1.2(a)(2). The commentary to § 4A1.2 instructs that prior sentences be treated as "related" and, therefore, counted as only one prior conviction under § 4B1.1, as follows:

6

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) <u>were consolidated for</u> trial or <u>sentencing</u>.

U.S.S.G. § 4A1.2, cmt. n.3 (emphasis added).

Therefore, the first inquiry is always whether the underlying offenses were separated by an intervening arrest. <u>Hernandez-Martinez</u>, 2004 WL 1946072, at *2. Smith's offenses were not separated by an intervening arrest. Smith's offenses also did not occur "on the same occasion;" rather, they occurred over a three-day period. Further, his offenses were not part of "a single common scheme or plan."[1] Accordingly, the sole question on appeal is whether Smith's prior state convictions "were consolidated for . . . sentencing," and, thus, "related" under § 4A1.2 and counted as only one prior conviction under § 4B1.1(a).

C.     Functionally-Consolidated Doctrine

The United States Supreme Court recognized the functionally-consolidated

---

[1]Smith's argument that the district court committed clear error when determining that his prior state convictions were not part of a "single common scheme or plan" is without merit and discussed no further. See <u>United States v. Jones</u>, 899 F.2d 1097, 1101 (11th Cir. 1990) ("With respect to [a single common scheme or plan], the district court observed that the two incidents in question were temporally distinct and involved two different banks and two different tellers as victims. We do not believe that the court was clearly erroneous in finding that the two offenses did not occur on a single occasion and that they were not part of a single common scheme or plan."), <u>overruled on other grounds by</u> <u>United States v. Morrill</u>, 984 F.2d 1136 (11th Cir. 1993) (<u>en banc</u>).

doctrine in Buford v. United States, 532 U.S. 59, 121 S. Ct. 1276 (2001), and this Court recently addressed it in Hernandez-Martinez, 2004 WL 1946072, at *2-3. We examine both decisions.

In Buford, the federal district court determined that the defendant's prior state drug conviction and four state robbery convictions had not been consolidated for sentencing either formally or functionally. Although the defendant pled guilty to the state offenses at different times, the same state sentencing judge heard arguments in all five cases at the same time in the same proceeding. The Seventh Circuit reviewed the district court's application of the guidelines to the undisputed facts "deferentially" rather than de novo.

The Supreme Court, in Buford, affirmed the Seventh Circuit's deferential review, stating, "the district court is in a better position than the appellate court to decide whether a particular set of individual circumstances demonstrates 'functional consolidation.'" Buford, 532 U.S. at 64, 121 S. Ct. at 1280. According to the Supreme Court, "a district judge is more likely to be aware of which procedures the relevant state or federal courts typically follow" and "factual nuance may closely guide the legal decision, with legal results depending heavily upon an understanding of the significance of case-specific details." Id. at 64-65, 121 S. Ct. at 1280. The Supreme Court further pointed out that "[i]n a case like

8

this one, for example, under Seventh Circuit doctrine, the District Judge usefully might have considered the factual details of the crimes at issue in order to determine whether factual connections among those crimes, rather than, say, administrative convenience, led Wisconsin to sentence Buford simultaneously and concurrently for the robbery and drug offenses." Id. at 65, 121 S. Ct. at 1280 (emphasis added). In Buford, the Supreme Court concluded that the Seventh Circuit "properly reviewed the District Court's 'functional consolidation' decision deferentially." Id. at 66, 121 S. Ct. at 1281.

This Court followed Buford's deferential-review standard in affirming the district court's career offender decision in Hernandez-Martinez. The defendant, in Hernandez-Martinez, had two prior state court convictions: (1) attempted murder in the second degree with a firearm; and (2) aggravated assault with a firearm. Hernandez-Martinez, 2004 WL 1946072, at *1. In fact, the defendant was arrested for the aggravated assault with a firearm while he was incarcerated as a pre-trial detainee on the attempted murder charge. Id. The defendant had pled nolo contendere to the two different state offenses on the same day before the same state judge who imposed concurrent sentences for the defendant. Id.

Under the circumstances presented in Hernandez-Martinez, this Court concluded that the district court did not commit clear error in determining that the

defendant's offenses were not related under the guidelines because: (1) there was no formal consolidation order; (2) the cases had been assigned different docket numbers; (3) Hernandez-Martinez received separate judgments; and (4) Hernandez-Martinez was represented by two different attorneys at sentencing. Hernandez-Martinez, 2004 WL 1946072, at *3.

Smith's present appeal before us is similar. In Smith's prior state cases: (1) there was no formal consolidation order; (2) the cases had been assigned different docket numbers; and (3) Smith received separate judgments. While Smith's cases were heard by the same state judge at the same time, the district court determined that this was for the administrative convenience of the court.

We find no clear error by the district court in that determination or in refusing to consider Smith's prior state crimes as one conviction. In so doing, we agree with the Seventh Circuit that "joint sentencing for administrative convenience is not 'consolidated for sentencing' under Application Note 3 to § 4A1.2." United States v. Best, 250 F.3d 1084, 1095 (7th Cir. 2001); see also United States v. Carter, 283 F.3d 755, 758 (6th Cir. 2002) ("The fact that judgment was pronounced on the same day with sentences to run concurrently, without more, does not establish that the offenses were consolidated. . . . Further, given the separate entries of judgment and the absence of an order of consolidation, the

10

record below does not demonstrate an intention on the part of the trial court to consolidate the cases."); United States v. Kates, 174 F.3d 580, 584 (5th Cir. 1999) ("[T]he simultaneous disposition of two separate cases does not amount to consolidation for guidelines purposes.").[2]

The fact that Smith ultimately received concurrent sentences for his state convictions also does not render those convictions related under § 4A1.2. See Hernandez-Martinez, 2004 WL 1946072, at *2; United States v. Jackson, 57 F.3d 1012, 1018 (11th Cir. 1995). Rather, as in Hernandez-Martinez, we conclude that the district court did not commit clear error in sentencing Smith as a career offender under § 4B1.1(a).

## III. CONCLUSION

For all the above reasons, we affirm Smith's 151-month sentence.

AFFIRMED.

---

[2]While Smith had the same attorney in his state court cases and the defendant in Hernandez-Martinez had separate attorneys, we conclude that this factual distinction does not render Hernandez-Martinez inapplicable, nor does it change the ultimate outcome in this case.