[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

No. 03-15299

———————————————

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 18, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-60042-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRYAN WINFRED SMITH,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Southern District of Florida

———————————————

**(July 18, 2005)**

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before HULL and MARCUS, Circuit Judges, and HANCOCK[*], Judge.

PER CURIAM:

---

[*]Honorable James H. Hancock, United States District Judge for the Northern District of Alabama, sitting by designation.

This case is before this Court for the second time. We previously affirmed Smith's sentence in United States v. Smith, 385 F.3d 1342 (11th Cir. 2004). On February 28, 2005, the Supreme Court granted certiorari, vacated our September 27, 2004 judgment, and remanded the case for reconsideration in light of United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005).

Having now considered Smith's case in light of Booker, we affirm Smith's sentence not only for the reasons stated in our prior opinion, but also for those explained below. We first review the procedural history of this case prior to Booker.

## I. BACKGROUND

After pleading guilty, Bryan Winfred Smith was sentenced to 151 months' imprisonment for bank robbery. At his 2003 sentencing in the district court, Smith did not raise any constitutional claim to a jury trial on sentencing factors nor any constitutional issue based on Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000).

On direct appeal in 2004, Smith argued only that the district court misapplied the Guidelines in concluding that he was a career offender under U.S.S.G. § 4B1.1(a). According to Smith, his prior state convictions had been "functionally consolidated" for sentencing and were therefore "related" pursuant

to § 4A1.2(a)(2).  Thus, Smith argued that he did not have two prior convictions for purposes of § 4B1.1(a).  In his initial brief and reply brief on direct appeal during 2004, Smith did not raise any constitutional claim to a jury trial on sentencing factors or any constitutional issue based on Apprendi.

After Smith's initial and reply briefs on direct appeal were filed, Smith filed a "Motion for Leave to File a Substitute Initial Brief" attempting to raise a constitutional claim to a jury trial as to the use of his prior convictions as sentencing factors.  On September 8, 2004, this Court entered an order denying Smith's motion based on our well-established prudential rule that issues not timely raised on direct appeal are abandoned.[1]

---

[1]In United States v. Nealy, 232 F.3d 825 (11th Cir. 2000), this Court summarized our well-established prudential rule of declining to consider issues not timely raised in a party's initial brief, as follows:

> Parties must submit all issues on appeal in their initial briefs.  When new authority arises after a brief is filed, this circuit permits parties to submit supplemental authority on "intervening decisions or new developments" regarding issues already properly raised in the initial briefs.  Also, parties can seek permission of the court to file supplemental briefs on this new authority.  But parties cannot properly raise new issues at supplemental briefing, even if the issues arise based on the intervening decisions or new developments cited in the supplemental authority.

Nealy, 232 F.3d at 830 (internal citations omitted).  This rule is well established in our circuit. See, e.g., United States v. Levy, 379 F.3d 1241, 1244-45 (11th Cir. 2004), judgment vacated by, 125 S. Ct. 2542 (2005), judgment reinstated by, United States v. Levy, – F.3d –, 2005 WL 1620719, at *2 (11th Cir. July 12, 2005); KMS Rest. Corp. v. Wendy's Int'l, Inc., 361 F.3d 1321, 1328 n.4 (11th Cir. 2004) (declining to consider issue raised for the first time in reply brief) (quoting Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen, 815 F.2d 1435, 1446 n.16 (11th Cir. 1987)); United States v. Whitesell, 314 F.3d 1251, 1256 (11th Cir. 2002) (same); Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1322 (11th Cir. 2001) (denying motion to file supplemental brief seeking to raise a new issue not covered in appellant's initial brief); United States v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001) (stating after a remand from the Supreme Court that "we apply

In short, in the district court and on direct appeal, Smith did not timely raise any constitutional claim to a jury trial as to any sentencing enhancements or that the Guidelines were unconstitutional.

On September 27, 2004, after review and oral argument, this Court affirmed Smith's sentence. In doing so, we concluded that the district court did not err in applying the career-offender enhancement under U.S.S.G. § 4B1.1(a) in sentencing Smith. United States v. Smith, 385 F.3d 1342, 1346 (2004).

Smith filed a petition for certiorari in the United States Supreme Court. On February 28, 2005, the Supreme Court granted certiorari, vacated our September 27, 2004 judgment, and remanded the case for reconsideration in light of Booker. The Supreme Court's remand order in Smith's case stated as follows:

> Motion of petitioner for leave to proceed in forma pauperis and petition for writ of certiorari granted. Judgment vacated, and case remanded to the United States Court of Appeals for the Eleventh Circuit for further consideration in light of United States v. Booker, 543 U.S. __ , 125 S. Ct. 738, 160 L. Ed.2d 621 (2005).

our well-established rule that issues and contentions not timely raised in the briefs [prior to Supreme Court remand] are deemed abandoned" and declining to consider any Apprendi error after remand); McGinnis v. Ingram Equip. Co., 918 F.2d 1491, 1495-97 (11th Cir. 1990) (en banc) (declining to address argument not raised in party's initial brief); United States v. Oakley, 744 F.2d 1553, 1556 (11th Cir. 1984) (declining to consider issue raised for the first time in reply brief); United States v. Benz, 740 F.2d 903, 916 (11th Cir. 1984) (same). As we explained in Levy, "[t]o allow a new issue to be raised in a supplemental brief circumvents Federal Rule of Appellate Procedure 28(a)(5), which requires that an appellant's initial brief must contain 'a statement of the issues presented for review.'" Levy, 2005 WL 1620719, at *2.

Smith v. United States, 125 S. Ct. 1401 (2005).[2]

## II. CONSIDERATION IN LIGHT OF BOOKER

On remand, we now consider Smith's case in light of Booker, and explain why under Booker defendant Smith is not entitled to a new sentencing hearing.

In Booker, the Supreme Court instructed courts to "apply today's holdings – both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act – to all cases on direct review." Booker, 125 S. Ct. at 769. However, the Booker Court also emphasized that even though Booker was to be applied to cases on direct review, it did not mean that "every sentence gives rise to a Sixth Amendment violation. . . . [or] that every appeal will lead to a new sentencing hearing." Id. Particularly, the Supreme Court stated that courts are to "apply ordinary prudential doctrines . . . [including], for example, whether the issue was raised below. . . ." Id.

---

[2]This Court has explained why this general remand language used in more than a hundred Booker remands to this Court "does not mandate any particular outcome as to the defendant's sentence" nor does it "preclude this Court from applying its prudential rules in a uniform and consistent manner." Levy, 2005 WL 1620719, at *6. Rather this general remand language requires only that we "reconsider the case now that there is a new Supreme Court decision that may, or may not, affect the result. We have never felt constrained to read anything into such routine remands other than the direction that we take another look at the case because of the new decision." United States v. Ardley, 273 F.3d 991, 994 (11th Cir. 2001) (Carnes, J., concurring in the denial of rehearing en banc), cert. denied, 535 U.S. 979, 122 S. Ct. 1457 (2002).

The Booker decision is not the only one in which the Supreme Court has recognized the principle that retroactivity on direct appeal is subject to ordinary prudential doctrines.  The Supreme Court has recognized this principle in other cases.  See Pasquantino v. United States, 125 S. Ct. 1766, 1781 n.14 (2005); Shea v. Louisiana, 470 U.S. 51, 58 n.4, 105 S. Ct. 1065, 1069 n.4 (1985) (concluding that "if a case was pending on direct review at the time Edwards [v. Arizona, 451 U.S. 477, 101 S. Ct. 1880, (1981)] was decided, the appellate court must give retroactive effect to Edwards, subject, of course, to established principles of waiver, harmless error, and the like.").

Pasquantino is particularly instructive here.  In Pasquantino, decided after Booker, the petitioners argued "in a footnote that their sentences should be vacated in light of Blakely . . . ."  Pasquantino, 125 S. Ct. at 1781 n.14.  However, the petitioners "did not raise this claim before the Court of Appeals or in their petition for certiorari."  Id.  Although the petitioners failed to previously raise the issue, "[t]his omission was no fault of the defendants, . . . as the petition in this case was filed and granted well before the Court decided Blakely.  Petitioners thus raised Blakely at the earliest possible point: in their merits briefing."  Id. at 1783 n.5 (Ginsburg, J., dissenting).  Despite the fact that petitioners raised their Blakely claim at the earliest possible moment after that decision was released, the Supreme

6

Court applied its prudential procedural rules and declined to address the issue. Id. at 1781 n.14.[3]

As we recently stated in United States v. Levy, "[i]t seems relatively obvious that if the Supreme Court may apply its prudential rules to foreclose a defendant's untimely Blakely, now Booker, claim, there is no reason why this Court should be powerless to apply its prudential rule to foreclose defendant [Smith's] untimely Blakely, now Booker, claim." United States v. Levy, – F.3d –, 2005 WL 1620719, at *3 (11th Cir. July 12, 2005).

Thus, we again follow our prudential rule and conclude that Smith is not entitled to a new sentencing hearing based on Booker because he did not raise a Blakely- or Booker-type issue in his initial brief on direct appeal and thus abandoned the issue. See United States v. Vanorden, – F.3d –, 2005 WL 1531151, at *1 (11th Cir. June 30, 2005) ("Because Vanorden did not challenge his sentence on Sixth Amendment-Apprendi-Blakely-Booker grounds in his first trip through

_____

[3]See also Griffith v. Kentucky, 479 U.S. 314, 107 S. Ct. 708 (1987). In Griffith, the Supreme Court concluded that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final . . . ." Id. at 328, 107 S. Ct. at 716. In Griffith, the defendant timely raised the Batson-type issue in both the district court and on direct appeal. Id. at 318-20, 107 S. Ct. at 711. Thus, this Court has noted that "[t]he Griffith holding . . . applies only to defendants who preserved their objections throughout the trial and appeals process." United States v. Verbitskaya, 406 F.3d 1324, 1340 n.18 (11th Cir. 2005) (citing Griffith, 479 U.S. at 316-20, 107 S. Ct. at 709-11); see also Levy, 2005 WL 1620719, at *4.

this circuit, this argument is 'deemed abandoned.'"); <u>United States v. Pipkins</u>, –

F.3d – , 2005 WL 1421449, at \*1 (11th Cir. June 20, 2005) ("The well-established

law in our circuit requires that issues be raised in the parties' initial brief.");

<u>United States v. Sears</u>, – F.3d –, 2005 WL 1334892, at \*1 (11th Cir. June 8, 2005)

(stating that "[t]he Appellant's failure to raise the [<u>Booker</u>] issue in his initial brief

bars him from doing so now"); <u>United States v. Dockery</u>, 401 F.3d 1261, 1262

(11th Cir. 2005) (declining to consider on remand <u>Booker</u> issue not raised in

appellant's initial brief).

In addition to the Supreme Court's instruction in <u>Booker</u> that we apply our

ordinary prudential rules, we also note that it is not "unduly harsh" or "overly

burdensome" to require parties to raise issues in their initial briefs. <u>Levy</u>, 2005

WL 1620719, at \*4. We explained this point in <u>Levy</u>, as follows:

> Requiring all parties to raise issues in their initial briefs is not unduly
> harsh or overly burdensome. This is particularly true about
> constitutional challenges to the federal sentencing guidelines, which
> have continued to be raised for many years despite adverse precedent.
> Moreover, when <u>Apprendi</u> was decided in 2000, criminal defense
> attorneys were well aware of <u>Apprendi</u>'s potential impact on the
> sentencing guidelines well before the Supreme Court's decisions in
> <u>Blakely</u> and <u>Booker</u>. For example, in numerous cases before our Court,
> defense counsel, after <u>Apprendi</u> and before <u>Blakely</u>, asserted that their
> clients' rights to a jury trial were violated when the district court
> enhanced their sentences with extra-verdict enhancements not proved to
> a jury beyond a reasonable doubt. These <u>Apprendi</u>-type arguments
> about federal sentencing enhancements were made in those cases not

8

only before <u>Blakely</u> but also despite adverse precedent in <u>United States v. Sanchez</u>, 269 F.3d 1250 (11th Cir. 2001).

<u>Levy</u>, 2005 WL 1620719, at *4 (internal citations omitted).

Finally, although we do not consider <u>Booker</u>-type arguments not raised in an appellant's initial brief, "we have liberally construed what it means to raise a <u>Blakely</u>-type or <u>Booker</u>-type issue." <u>Levy</u>, 2005 WL 1620719, at *5 (citing <u>United States v. Dowling</u>, 403 F.3d 1242, 1246 (11th Cir. 2005), which set forth factors to consider when determining whether appellant raised a <u>Booker</u>-type claim).[4] The problem for Smith is that he never timely raised a constitutional claim as to his career-offender enhancement in any shape or form in either the district court or in his initial brief on direct appeal.[5]

In sum, as we stated in <u>Levy</u>, "<u>Booker</u> itself recognized that retroactivity is subject to ordinary prudential rules, and thus nothing in <u>Booker</u> undermines or

---

[4]In <u>Dowling</u>, we evaluated whether a <u>Blakely/Booker</u> claim was made by reviewing whether the defendant: (1) referred to the Sixth Amendment; (2) referred to <u>Apprendi</u> or another related case; (3) asserted his right to have a jury decide the disputed fact; or (4) raised a challenge to the role of the judge as factfinder regarding sentencing factors. See <u>Dowling</u>, 403 F.3d at 1246.

[5]In other cases where a defendant <u>timely</u> raised a Sixth Amendment or <u>Apprendi/Blakely</u> issue in the initial brief, as many defendants did prior to <u>Booker</u>, this Court considered the merits of those claims. See, e.g., <u>United States v. Burge</u>, 407 F.3d 1183 (11th Cir. 2005); <u>United States v. Martinez</u>, 407 F.3d 1170 (11th Cir. 2005); <u>United States v. Orduno-Mireles</u>, 405 F.3d 960 (11th Cir. 2005); <u>United States v. Camacho-Ibarquen</u>, 404 F.3d 1283 (11th Cir. 2005), <u>opinion vacated and superceded by</u>, – F.3d –, 2005 WL 1297236 (11th Cir. June 2, 2005); <u>United States v. Shelton</u>, 400 F.3d 1325 (11th Cir. 2005).

affects our prudential rules; if anything, <u>Booker</u> contemplates that they should be applied in <u>Booker</u>-remand cases." <u>Levy</u>, 2005 WL 1620719, at *5.

Thus, in considering this case in light of <u>Booker</u> and in applying our prudential rules (as <u>Booker</u> instructs us to do), we affirm Smith's sentence for the reasons outlined herein and in our prior opinion. We also reinstate our prior opinion affirming Smith's sentence. <u>United States v. Smith</u>, 385 F.3d 1342 (11th Cir. 2004).

**OPINION REINSTATED; SENTENCE AFFIRMED.**