[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 9, 2006
THOMAS K. KAHN
CLERK

No. 05-12898
Non-Argument Calendar

_____

D.C. Docket  No. 04-14025-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSIE DEBOUGH MERCER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 9, 2006)**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Jessie Debough Mercer appeals his 212-month sentence, imposed pursuant to his guilty plea, for conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), 846. Mercer challenges his designation as a career offender, under U.S.S.G. § 4B1.1. No reversible error has been shown; we affirm.

The presentence investigation report (PSI) listed Mercer as a career offender because the instant offense was a felony drug-trafficking offense and because Mercer had at least two earlier state felony convictions for crimes of violence. Mercer's criminal history showed that, on 25 June 1990, when Mercer was 16 years old, he was arrested for aggravated assault with a deadly weapon. On 19 July 1990, Mercer was arrested for burglary. On 4 December 1990, Mercer received three years' probation for these offenses. On 7 December 1992, when Mercer was 17 years old, he was sentenced to 7 years' imprisonment for an armed robbery conviction. On 14 September 1993, Mercer's probation for the aggravated assault and burglary convictions was revoked and he received seven-year prison sentences, to run concurrently with the sentence for his armed robbery conviction. The district court agreed with the PSI's designation of Mercer as a career offender based on his aggravated assault and armed robbery convictions.

Mercer does not challenge the use of the armed robbery conviction as qualifying toward his career offender designation. But he contends that the district court erred in counting the aggravated assault conviction because he received only a sentence of probation. He contends that, although he later was sentenced to seven years' imprisonment for violating probation, this sentence was concurrent to another sentence he already was required to serve. Mercer argues that he, thus, never was confined for his probation revocation: he did not spend the year and a month in prison necessary to count the aggravated assault conviction. He also contends that his seven-year sentence should not count because it was the result of a conviction for a probation violation, not for a violent crime.

We review de novo a district court's decision to classify a defendant as a career offender under U.S.S.G. § 4B1.1. United States v. Gibson, 434 F.3d 1234, 1243 (11th Cir. 2006). We review for clear error a district court's fact determination that prior convictions are unrelated for criminal history purposes. United States v. Hernandez-Martinez, 382 F.3d 1304, 1306 (11th Cir. 2004).

Under the Sentencing Guidelines, a defendant is a career offender if, among other things, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). To qualify as the two prior felony convictions, the sentences for these convictions

3

must be counted separately under § 4A1.1(a), (b), or (c). U.S.S.G. § 4B1.2(c). For a sentence to count under § 4A1.1(a)--when the offense was committed before a defendant's eighteenth birthday--the term of imprisonment must exceed one year and one month and must result from an adult conviction. See U.S.S.G. § 4A1.1, comment. (n.1); U.S.S.G. § 4A1.2(d) & comment. (n.7). And when the prior conviction involves a revocation of probation, the Guidelines require courts to add the original term of imprisonment to the term of imprisonment imposed upon revocation. See U.S.S.G. § 4A1.1, comment. (n.1); U.S.S.G. § 4A1.2(k)(1) & comment. (n.11).

Here, Mercer initially received only probation for the aggravated assault conviction. But he later received seven years' imprisonment after his probation was revoked. So, Mercer's sentence for the aggravated assault conviction was seven years' imprisonment, which is greater than the one year and one month sentence necessary to count as a prior felony conviction under § 4A1.1(a).

Further, even though Mercer's seven-year aggravated assault sentence ran concurrent with his seven-year armed robbery sentence, these sentences are unrelated and, thus, are counted separately. See U.S.S.G. § 4A1.2(a)(2) (prior sentences in unrelated cases are to be counted separately). These offenses were separated by the intervening burglary arrest. See U.S.S.G. § 4A1.2, comment.

4

(n.3).  Further, the offenses occurred on different dates and were not part of a common scheme.  See id.  And the sentences were not consolidated: they were imposed on different days, had different docket numbers, and involved different crimes.  See United States v. Veteto, 920 F.2d 823, 826 (11th Cir. 1990) (defendant's sentences not consolidated for career offender purposes when imposed on different days, by different judges, and for different crimes against different victims).  The aggravated assault and armed robbery sentences, although concurrent, count as two different seven-year sentences.  See United States v. Smith, 385 F.3d 1342, 1346 (11th Cir. 2004) (that defendant received concurrent sentences for state convictions does not render those convictions related under § 4A1.2), vacated, 125 S.Ct. 1401 (2005), opinion reinstated, 416 F.3d 1350 (11th Cir.), cert. denied, 126 S.Ct. 784 (2005).  These sentences are not related for purposes of calculating Mercer's criminal history status.

In sum, Mercer received a long enough sentence for the aggravated assault conviction for that conviction to qualify under the career offender provisions. And Mercer's aggravated assault sentence was separate from his armed robbery sentence.  The district court properly counted Mercer's aggravated assault conviction as a prior felony conviction for career offender purposes.

AFFIRMED.