[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16506
Non-Argument Calendar
_____

D. C. Docket No. 05-80073-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY POOLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 24, 2006)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Terry Poole pled guilty pursuant to a plea agreement to two counts of a

three-count indictment: Count 1, distribution of cocaine base, in violation of 21 U.S.C. §841(a)(1); Count 3, attempted escape, in violation of 18 U.S.C. § 751(a). The district court sentenced Poole to concurrent prison sentences of 151 months on Count 1 and 60 months on Count 3. He now appeals his sentences, raising one issue: Whether the district court properly found that his two prior felony convictions for crimes of violence were not related and therefore qualified him as a career offender under U.S.S.G. § 4B1.1(a).

We review for clear error a district court's determination of whether prior convictions are related for purposes of U.S.S.G. § 4A1.2. United States v. Hernandez-Martinez, 382 F.3d 1304, 1306 (11th Cir. 2004). We will not find clear error unless our review of the record leaves us "with the definite and firm conviction that a mistake has been committed." United States v. White, 335 F.3d 1314, 1319 (11th Cir. 2003). A district court's determination of whether cases are functionally consolidated, and hence related, is entitled to due deference on review. United States v. Buford, 532 U.S. 59, 63-66, 121 S.Ct. 1276, 1279-81, 149 L.Ed.2d 197 (2001).

A defendant is a career offender if (1) he was at least 18 years old at the time he committed the instant offense of conviction, (2) that offense is a felony, e.g., a controlled substance offense such as the Count 1 offense in this case, and (3) the

2

defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). Prior sentences imposed in unrelated cases are counted separately, while prior sentences imposed in related cases are treated as one sentence for the purpose of determining career offender status. U.S.S.G. §§ 4A1.2(a)(2), 4B1.2(c). Prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing. U.S.S.G. § 4A1.2, comment. (n.3).

Here, the district court did not clearly err in finding that Poole qualified as a career offender. The primary dispute is whether the district court erred in treating his two prior felony convictions as unrelated for computation purposes. The two convictions were for second degree murder, which Poole committed on April 19, 1989, and for burglary-while armed, which he committed on August 20, 1988. He was arrested for the murder on April 19, 1989 and for the burglary on April 26, 1989.

Poole contends the cases were related because they were "consolidated for sentencing." It is unclear, however, whether Poole is claiming that these cases were formally consolidated by court order, functionally consolidated, or consolidated under state law. Because Poole has failed to point to evidence of a

formal court order of consolidation, we only consider whether the offenses were functionally consolidated or consolidated under state law.

Cases sentenced on the same day are not functionally consolidated when they are not subject to a formal consolidation order, they are assigned different docket numbers, and the defendant receives separated judgments. United States v. Smith, 385 F.3d 1342, 1346 (11th Cir. 2004), vacated and remanded on other grounds, 543 U.S. 1181 (2005), reinstated on remand, 416 F.3d 1350 (11th Cir.), cert. denied, 126 S.Ct. 784 (2005). Cases are not functionally consolidated even if the same attorney represents the defendant in both cases, and the court imposed concurrent sentences. Id. Like the defendant in Smith whose offenses were found to be unrelated, Poole was sentenced to concurrent sentences on the same day, and he was represented by the same attorney for both offenses. Also like the defendant in Smith, Poole  received separate judgments under two different docket numbers.

In United States v. Hernandez-Martinez, 382 F.3d 1304, 1307-08 (11th Cir. 2004), we held that the district court committed no error in determining that the defendant's offenses were not consolidated because: (1) there was no formal consolidation order; (2) the cases had been assigned different docket numbers; (3) the defendant received separate judgments; and (4) the defendant was represented by two different attorneys at sentencing. The only possible distinguishing

4

characteristic between the case at hand and Martinez is that Martinez was represented by two different attorneys on the day of sentencing, and it may be – but the record is not clear – that Poole was represented by the same attorney at sentencing. Even if we were to give Pool the benefit of the doubt and assume that he was represented by the same attorney, this "factual distinction" alone is insufficient "to change the ultimate outcome in this case." Smith, 385 F.3d at 1342, n.2.

Poole contends Martinez is nonetheless distinguishable because in Martinez "two of the prior felonies occurred in different years and were clearly unrelated." Poole claims his case is different because his two arrests were only one week apart and for similar conduct. His contention is unpersuasive; even though his prior arrests occurred within one week of each other, the crimes leading to those arrests were committed more than eight months apart. Additionally, although both crimes were violent in nature, nothing in the record indicates that they were factually related in any way.

Finally, the prior convictions were not consolidated under Florida law. We consider sentences to be consolidated for the purpose of § 4A1.2 if the sentences have met the requirements for consolidation under state law. Hernandez-Martinez, 382 F.3d at 1308, n.3. Under Florida law, sentences are consolidated when they

are imposed on the same day, by the same judge, using the same score sheet, and made to run concurrently.  Id.  Poole's sentences were imposed on the same day, by the same judge, and made to run concurrently, but Poole has not shown that the same score sheet was used.  In short, the sentences were not consolidated for sentencing under state law.

**AFFIRMED.**