[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12679
Non-Argument Calendar

_____

D. C. Docket No. 05-00003-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO S. DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(December 13, 2006)**

Before ANDERSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Antonio S. Davis appeals his 178-month sentence imposed after

pleading guilty to possession with intent to distribute cocaine hydrochloride, in

violation of 21 U.S.C. § 841(a)(1). He argues that the district court erred in finding that he had two separate aggravated assault convictions to qualify him as a career offender under U.S.S.G. § 4B1.1 because: (1) according to the presentence investigation report ("PSI"), he was arrested on January 16, 1994, for the first aggravated assault, and on January 20, 1994, for the second, and, thus, "[t]he only conclusion that can be drawn . . . is that the arrest of January 20, 1994, is for offenses that occurred on January 16, 1994, since he was incarcerated on January 20, 1994;" and (2) the two convictions might have been consolidated for sentencing, thus constituting only one related offense under U.S.S.G. § 4A1.2.

"We review a district court's determination that prior convictions are not related under U.S.S.G. § 4A1.2 for clear error." *United States v. Hernandez-Martinez*, 382 F.3d 1304, 1306 (11th Cir. 2004).

Under § 4A1.2, in calculating a criminal history score, prior sentences imposed for related convictions should be counted as one sentence. *See* U.S.S.G. § 4A1.2(a)(2). The commentary provides:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.

2

U.S.S.G. § 4A1.2, comment. (n. 3).

We have held that the fact that joint sentencing for administrative convenience and imposition of concurrent sentences does not render two offenses related under the Guidelines. *United States v. Smith*, 385 F.3d 1342, 1346 (11th Cir. 2004), *vacated on other grounds*, 543 U.S. 1181 (2005). In *Smith*, 385 F.3d at 1346, we noted: "(1) there was no formal consolidation order; (2) the cases had been assigned different docket numbers; and (3) [the defendant] received separate judgments." Therefore, even though the defendant's cases had been "heard by the same state judge at the same time," the district court did not clearly err in determining that this was done for the administrative convenience of the court. *Id.*

After reviewing the record, we conclude that the district court did not clearly err in finding that Davis's prior aggravated assault offenses were unrelated under § 4A1.2. First, despite Davis's assertion that the two offenses must have occurred on the same date, the PSI's factual description of each offense indicates that one offense occurred on January 9, while the other occurred on January 16. Second, our precedent provides that joint sentencing does not render two offenses related, especially where, as here, the offenses had separate docket numbers, and there was no formal consolidation order. *See Smith*, 385 F.3d at 1346. Accordingly, because the district court did not clearly err in finding the offenses unrelated and Davis's

3

arguments are without merit, we affirm his sentence.

**AFFIRMED.**