[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-13595
Non-Argument Calendar
_____

D.C. Docket No. 5:19-cr-00044-TKW-MJF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAELO MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 12, 2021)

Before WILSON, ROSENBAUM and NEWSOM, Circuit Judges.

PER CURIAM:

Michaelo Moore pleaded guilty to conspiracy to commit mail theft, in violation of 18 U.S.C. §§ 371, 1078 and to possession of stolen mail, in violation of 18 U.S.C. § 1708. Now, Moore challenges his 21-month sentence. He argues that the district court erred by applying a 2-level increase under U.S.S.G. § 2B1.1(b)(11)(C)(i) for unlawfully using a means of identification to produce or obtain another means of identification and by applying a 4-level increase under § 2B1.1(b)(1)(C) after calculating a loss amount between $15,000 and $40,000. After careful review, we affirm.[1]

## I

The Panama City Police Department caught wind of a scheme in which a group stole checks out of mailboxes and then used those stolen checks to create counterfeit checks. Fake checks in hand, the group then recruited transient individuals and offered them a small share of the proceeds from the fraud in exchange for using their identities on counterfeit checks and having them cash those checks. Eventually, officers detained Moore and several others in connection with the scheme. Though he didn't show up for his scheduled court appearance, Moore was later detained by police in another state. Having been advised of his

---

[1] We review a district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Barrington*, 648 F.3d 1178, 1194–95 (11th Cir. 2011). We review the district court's loss determination under § 2B1.1(b)(1) for clear error. *Id.* at 1197. A factual finding is clearly erroneous when although there is evidence to support it, we, in reviewing the entire evidence, are left with the definite and firm conviction that a mistake has been committed. *Id.* at 1195.

*Miranda* rights, Moore told officers that although he knew members of the group who carried out the counterfeit-check fraud, he had many times refused to go on the "trips" where the crew would implement the scheme. He also said, however, that on one occasion, he gave his own ID to a member of the group to take on one such trip. He also estimated that the crew netted between $8,000 to $20,000 on each trip.

After Moore pleaded guilty to both offenses, the district court conducted a sentencing hearing. For purposes of this appeal, two issues are particularly relevant. First, the district court reasoned that between the Panama City trip and the incident in which Moore loaned his ID to another individual for use on a different trip, Moore's conduct included participation in two trips. Taking the low end of Moore's own estimate of the per-trip profits—$8,000—the district court concluded that an enhancement was appropriate under U.S.S.G. § 2B1.1(b)(1)(C), which, for offenses involving fraud, provides for a 4-level enhancement where the loss from an offense was more than $15,000 but less than $40,000. *See* U.S.S.G. § 2B1.1(b)(1)(C), (D).[2]

More importantly, the district court also determined that the Guidelines separately provided for a 2-level enhancement because Moore's offense involved

---

[2] As to the loss, that amount can be either the actual loss or the intended loss, whichever is greater. U.S.S.G. § 2B1.1, comment. (n.3(A)).

"the unauthorized transfer or use of any *means of identification* unlawfully to produce or obtain any other means of identification." U.S.S.G. § 2B1.1(b)(11)(C)(i) (emphasis added). Crucially, if the resulting level after the increase is less than 12, then the offense level becomes 12. *Id.*

In concluding that the enhancement applied, the district court discussed the term "means of identification" at some length. In particular, it considered whether a stolen check counted as a "means of identification," and whether the subsequent use of a stolen check to produce counterfeit checks constituted the production of "any other means of identification." The district court observed that the commentary to this Guideline notes that "means of identification" has the meaning given to that term under 18 U.S.C. § 1028(d)(7). U.S.S.G. § 2B1.1, comment. (n.1). In turn, § 1028(d)(7) defines "means of identification" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual." 18 U.S.C. § 1028(d)(7). And some examples of "means of identification" specifically listed in the statute include a "name, social security number, . . . or taxpayer identification number," as well as a "unique electronic identification number" or "routing code." *Id.* § 1028(d)(7)(A), (C). Based on those examples, the district court reasoned that because a stolen check includes "the person's name, the person's account number, the routing numbers— that is a means of identification." And since the stolen checks were a means of

4

identification, it followed that using them to make fake checks constituted "using a means of identification to create another means of identification."

The district court thus found that the enhancement applied, and, because the U.S.S.G. § 2B1.1(b)(11)(C)(i) triggers an offense-level increase to 12 if the application of that enhancement leads to an offense level of less than 12, that bumped Moore's offense level up to 12. With a Category IV criminal history, that led to a Guidelines range of 21 to 27 months. The district court chose the low end of that Guidelines range and sentenced Moore to 21 months in prison to be followed by a two-year term of supervised release.

## II

The question here is whether Moore has shown that the district court erred by applying a 2-level increase under U.S.S.G. § 2B1.1(b)(11)(C)(i) for unlawfully using a means of identification to produce or obtain another means of identification.[3] We hold that he has not.

We start with what's not at issue here: Whether the checks that Moore and his co-conspirators stole and the fake checks they then crafted constitute "means of

---

[3] Although Moore also challenges the 4-level enhancement to his sentence made pursuant to U.S.S.G. § 2B1.1(b)(1)(C), we needn't decide that question, as the enhancement pursuant to § 2B1.1(b)(11)(C)(i) independently increased his offense level to 12. We see no reversible error in that enhancement under § 2B1.1(b)(11)(C)(i) and so have no cause to consider any potential error in the other enhancement. That said, the loss-based enhancement was based on Moore's own admissions. So it's quite unlikely that the district court clearly erred on this front. *See United States v. Bradley*, 644 F.3d 1213, 1289–90 (11th Cir. 2011).

identification" as defined in 18 U.S.C. § 1028(d)(7). Other circuits have concluded that "the means-of-identification enhancement applies when . . . counterfeit checks are printed with existing bank account and routing information because the check itself would qualify as another means of identification." *United States v. Norwood*, 774 F.3d 476, 482 n.2 (8th Cir. 2014); *see also United States v. Weaver*, 866 F.3d 882, 884 (8th Cir. 2017) ("[A] counterfeit check with an individual's name, bank account number, and bank routing number is a 'means of identification' within the meaning of 18 U.S.C. § 1028(d)(7))."); *United States v. Alexander*, 725 F.3d 1117, 1120 (9th Cir. 2013) ("The names and banking numbers on Alexander's counterfeit check are therefore a 'means of identification' under the plain statutory text."). But we needn't decide that issue in this case because Moore failed to raise that issue on appeal and thereby abandoned it. *See United States v. Smith*, 416 F.3d 1350, 1354 (11th Cir. 2005).

Moore instead argues on appeal only that § 1028(d)(7) does not apply *at all* to U.S.S.G. § 2B1.1(b)(11)(C)(i). That's wrong. The district court applied the definition of "means of identification" found in § 1028(d)(7) to determine whether the information on the stolen checks constituted "means of identification" under § 2B1.1(b)(11)(C)(i), and it did so because the first application note to § 2B1.1 provides that § 1028(d)(7)'s definition applies. Moore does not identify any authority to support his argument that the definition of "means of identification" in

6

18 U.S.C. § 1028(d)(7) is tied to the definitions of "authentication feature" and "issuing authority" in that statute. What's more, the statute's plain text does not permit such a construction. Thus, the district court didn't err by applying a two-level increase under U.S.S.G. § 2B1.1(b)(11)(C)(i). Accordingly, we affirm.

**AFFIRMED.**